## Staunton.

### MILLER v. TURNER, JUDGE.

September 15, 1910.

Absent, Cardwell, J.

1. COSTS—*Obligation to Pay—Change of Attitude by Parties.*—The bond mentioned in the proceedings whereby the obligor bound himself to pay all costs that might be decreed against the obligee in a designated suit was intended to cover all costs which at the time of the execution of the bond had been incurred by the obligee or might thereafter be incurred by him in that suit while the attitude of the parties remained the same, but did not bind the obligor to pay cost when the other party became actively hostile to the obligor.

2. APPEAL AND ERROR—*Judgment of Appellate Court—Finality—Mandamus.*—After a controversy has been settled by a decree of this court, and a rehearing of its decree refused, the questions involved cannot thereafter be reopened between the same parties, and *mandamus* from this court to the trial court to carry into effect the decree of this court is the proper remedy.

Original application for mandamus.

*Awarded.*

The following is a copy of the petition for the mandamus: *"To the Honorable Judges of the Supreme Court of Appeals of Virginia, at Wytheville:*

"Your petitioner, John B. Miller, respectfully represents unto your Honors:

"First. That in the suit styled *Miller, Trustee, &c.,* v. *Smith, et als,* by record No. 247, in which your petitioner was the appellant and Edward T. Jones of T. E. Jones, Mary

Ann Smith, Robert E. Miller, et als, were appellees, that on the 25th day of June, 1909, there was entered by your honorable court a decree determining the rights of the parties and awarding costs to your petitioners, the appellant, in said cause, which costs amounted to the sum of one hundred and thirty-three dollars and sixty-four cents ($133.64) ; the said cause was remanded to the Circuit Court of Rappahannock county, from which the appeal had been taken for further proceedings to be had in accordance with the views before expressed in the written opinion of this honorable court, which said opinion will be found in volume 109, page —— of the reports of this court.

"That said cause upon being remanded came on for hearing at the September term of the Circuit Court of Rappahannock county, 1909, at which time a decree was entered directing one of the master commissioners of said court to make up his report in accordance with the decree and the opinion of the Supreme Court of Appeals.

"A copy of the order of the Supreme Court of Appeals on the 25th day of June, 1909, and a copy of the order of the Circuit Court of Rappahannock county of the September term, 1909, is herewith filed as a part of this petition.

"That on the 6th day of November, 1909, the said Armstrong filed his report, together with a paper in the nature of a petition from Edward T. Jones, in which the said Edward T. Jones made further objection in the decree of this honorable court of the 25th day of June, 1909, and claimed that there were other and further sums which should be allowed him in this suit, and the commissioner's report aforesaid dealt entirely with the objections of the said Jones and made no report.

"To this petition of the said Edward T. Jones the said John B. Miller filed an answer, in which he made the objection that all the matters set out by the said Edward T. Jones were *res adjudicata.* A copy of said commissioner's report

and said petition of the said Edward T. Jones and the answer of the said John B. Miller thereto, is herewith filed as a part of this petition.

"Your petitioner would further show that this cause came on to be heard before the Circuit Court of Rappahannock county on the ———— day of March, 1910, upon the papers formerly read, and upon the commissioner's report and the petition of the said Edward T. Jones and the answer of the said John B. Miller, which petition and answer the court treated as exceptions to the said commissioner's report, and upon consideration, the court holding that the said claims of the said Edward T. Jones were not valid or substantial debts against the fund in the cause, and proceeded to dismiss said petition and to direct the said commissioner, to whom the said report was re-committed, to make a distribution of the fund in the cause in accordance with the said decree of this honorable court and the written opinion filed in this cause hereinbefore referred to, and to carry out the said decree with this exception, that after directing the appellees in the Court of Appeals interested in the subject-matter of the litigation, to-wit: E. T. Jones, Mary Ann Smith and R. E. Miller, to pay the cost decreed against them by the said court, the said circuit court expressed the opinion and so directed, that one-third of the said costs be the share of the said E. T. Jones and should be paid by the said John B. Miller, your petitioner, by reason of his obligation to pay costs as contained in his bond for four hundred dollars ($400.00), to said Jones, dated February 5, 1903, and filed in this cause.

"Your petitioner would show that these costs, directed by the said circuit court to be paid by your petitioner the share of the said E. T. Jones in the costs incurred in the Court of Appeals, is a cost that was directed and decreed to be paid by this honorable court by the said Edward T. Jones, and that the circuit court was without jurisdiction or authority

to do otherwise than carry out the order of this honorable court.

"It will be observed that the circuit court directs John B. Miller, your petitioner, to pay this cost by reason of his bond for four hundred dollars to the said Edward T. Jones, dated February 5, 1903, that bond will be found on page No. 31, of the printed record in the suit of *Miller, Trustee, &c.,* v. *Smith, et als,* which record is herewith filed as a part of this petition does say that the said John B. Miller binds himself to pay all costs decreed against the said Edward T. Jones in the suit of *Smith, Trustee,* v. *J. B. and R. E. Miller, &c.*

"Your petitioner is advised that said obligations referring to the costs which the said Edward T. Jones had incurred up to that point in said suit or which might be incurred by him, the relation and attitude of the parties remaining the same, but that it does not bind the said John B. Miller to pay the costs when the conditions change, and the said Edward T. Jones becomes himself hostile to the said John B. Miller, your petitioner by his attitude incurs a considerable bill of costs in this suit.

"Your petitioner would further show that his bond was a part of the litigation in this suit as shown by the record aforesaid; that no such contention was raised by the said Edward T. Jones before this court at all after the decision of the same, although such contention might have been raised, but that in his petition, which he filed before this honorable court at Staunton in September, 1909, on the last page of his brief for re-hearing, he raises the contention that a re-hearing should be granted him because a decree for costs had been entered against him, when the four hundred dollar bond contains the provision aforesaid.

"Your petitioner is advised that this is also *res adjudicata,* and that he cannot now be heard to make the contention that this petitioner is responsible for his costs.

"Your petitioner is advised that he has a right to apply to

this honorable court for a mandamus to compel the Circuit
Court of Rappahannock county to enter and carry out that
part of the decree of this honorable court directing the said
Edward T. Jones to pay his proportion of the costs and that
such costs are chargeable to the said Edward T. Jones and
that your petitioner cannot be made responsible for the same,
therefore he prays, being plainly entitled to a decree and that
he is in no wise responsible for said costs, that a writ of
mandamus do issue to compel the said Circuit Court of Rap-
pahannock county to carry out the decree of the 25th day of
June, 1909, of this honorable court and enter a decree
against the said Edward T. Jones for the costs awarded to
your petitioner."

*Keith & Richards* and *H. G. Moffett*, for the petitioner.

No counsel for respondent.

BY THE COURT.

The case of *Miller, Trustee, v. Smith, et als*, lately pending
in this court, was remanded to the Circuit Court of Rappa-
hannock county for further proceedings. That court re-
ferred the cause to a commissioner to make a report distribut-
ing the fund under its control in accordance with the decree
of this court. The commissioner reported on the 6th of No-
vember, 1909, returning with his report a paper in the nature
of a petition from Edward T. Jones, one of the parties in
interest, in which he claimed that there were other sums which
should be allowed him, and with this claim the report of the
commissioner deals.

Miller filed an answer to the petition of Jones, in which he
insists that the matters set out in the petition are *res judicata*.
When the case came before the circuit court upon the papers
formerly read, the commissioner's report, the petition of Jones
and the answer of Miller, exceptions to the report, the court,

holding that the claims of Jones were not valid debts against the fund, dismissed the petition and directed the commissioner, to whom the report was recommitted, to make a distribution of the fund in accordance with the decree of the Supreme Court of Appeals and the written opinion therein filed, and to carry out the decree, with the exception that after directing the appellees interested in the subject matter of the litigation, to-wit: E. T. Jones, Mary Ann Smith and R. E. Miller, to pay the costs assessed against them by the Court of Appeals, the said circuit court expressed the opinion and directed that one-third of the costs, being the share of E. T. Jones, should be paid by John B. Miller, by reason of his obligation to pay costs as contained in his bond for four hundred dollars to said Jones, dated February 5, 1903, which is filed in the cause.

The petitioner contends that these costs directed by the circuit court to be paid by Miller as the share of E. T. Jones were the costs incurred in the court of appeals, and were by that court decreed to be paid by Jones, and that the circuit court was without jurisdiction or authority to do otherwise than carry out the order of this court.

In the bond referred to for $400, Miller binds himself to pay all costs decreed against Edward T. Jones in the suit of Smith, Trustee, against J. B. Miller and R. E. Miller, Trustees, but it is plain, we think, that the costs there referred to were such as Jones had, at the date of the bond, incurred in the suit or which might be incurred by him, the attitude of the parties remaining unchanged, but that it does not bind Miller to pay costs when Jones became hostile to Miller, and these very costs were incurred in defending a litigation to which Jones was an active party.

However this may be, the rights of the parties growing out of the bond which was given were the subject of litigation before this court at the former hearing, which is irrevocable and finally disposes of this question. Not only is this so, but

Jones appeared before this court at the September term, 1909, and asked for a rehearing of the decree of this court rendered on the 25th of June, 1909. In that petition the whole subject was again presented to this court, and the attention of the court specifically directed to the stipulation in the bond of $400 given by Miller to Jones—that he was to pay all costs decreed against Jones in the suit of *Smith, Trustee,* v. *Miller.* That petition was considered by this court and its prayer denied, so that the whole subject had been fully adjudicated and cannot be reopened.

We are, therefore, of opinion that the writ of mandamus should issue as prayed in the petition. It is further ordered that E. T. Jones pay to the petitioner his costs in this behalf expended.

*Mandamus awarded.*