ATLANTIC CITY NATIONAL BANK, A CORPORATION OF
THE UNITED STATES, RESPONDENT, v. COMMERCIAL
LUMBER COMPANY, A CORPORATION, APPELLANT.

Argued October 28, 1930—Decided April 24, 1931.

For the appellant, *Stein, McGlynn & Hannoch.*

For the respondent, *Heine & Laird.*

The opinion of the court was delivered by

BODINE, J.    This appeal brings up a judgment in the
Essex Circuit entered after the defendant's answer has
been struck as frivolous.    The Atlantic City National Bank
brought suit to recover the amount credited by it upon a
check of the Commercial Lumber Company drawn to the
order of the Atlantic Woodworking Company and deposited
with it.    The check was indorsed "for deposit only to the
credit of the Atlantic Woodworking Company."    The defend-
ant's answer sets up that the endorsement was restrictive,
and that the bank took subject to all defenses good against
the payee.    Principal among these defenses was a total failure
of consideration.

It appears from the proofs that some time before the Atlan-
tic Woodworking Company had given the Commercial Lum-
ber Company its note payable at the Atlantic City National
Bank.    Unable to meet this note at maturity, the Atlantic
Woodworking Company procured from the Commercial Lum-
ber Company the check in suit, and deposited the same in

the manner mentioned. The check was immediately credited by the bank to the account of the Atlantic Woodworking Company. When the Commercial Lumber Company's check was sent for collection to the bank, on which it was drawn, it was returned marked "insufficient funds." Payment had been stopped because the Atlantic Woodworking Company had not sent forward the check it promised to send in order to reimburse the Commercial Lumber Company for this advance.

Section 36 of the Uniform Negotiable Instrument act, adopted in this state (*Pamph. L.* 1902, *p.* 590), provides: "An indorsement is restrictive, which either: 1. Prohibits the further negotiation of the instrument; or 2. Constitutes the indorsee the agent of the indorser; or 3. Vests the title in the indorsee in trust for or to the use of some other person. But the mere absence of words implying power to negotiate does not make an indorsement restrictive."

Section 37 (*Pamph. L.* 1902, *p.* 590) provides: "A restrictive indorsement confers upon the indorsee the right: 1. To receive payment of the instrument; 2. To bring any action thereon that the indorser could bring; 3. To transfer his rights as such indorsee, where the form of the indorsement authorizes him to do so. But all subsequent indorsees acquire only the title of the first indorsee under the restrictive indorsement."

Section 47 (*Pamph. L.* 1902, *p.* 592) provides: "An instrument negotiable in its origin continues to be negotiable until it has been restrictively indorsed or discharged by payment or otherwise."

"An indorsement using the words 'for collection,' or words of similar import, is restrictive, and merely makes the indorsee agent for the indorser to collect the paper, but does not vest in him the legal title to the paper, nor authorize him to sell or to indorse the paper to another, although it is held that such an indorsement transfers a sufficient title to support an action by the indorsee. Moreover the indorser is not liable on such an indorsement to the indorsee." 8 *Corp. Jur.* 366.

"The words 'for collection' appended to an indorsement limit the effect which the indorsement would have without them, and warn subsequent takers that the purpose of the indorsement, though in blank, is not to transfer the ownership of the paper or its proceeds. Such an indorsement is intended, not to give currency or circulation to the paper, but to have an effect precisely the reverse, *i. e.,* to prevent further circulation, and to limit the authority of the holder to the act of collection, for the benefit of the indorser. *Morse on Banking* 423; *Sweeny* v. *Easter,* 1 *Wall,* 166." *Hoffman* v. *First National Bank of Jersey City,* 46 *N. J. L.* 604, 606.

Mr. Chief Justice Holmes said in *Haskell* v. *Avery,* 181 *Mass.* 106, of an indorsement for deposit: "Such an indorsement is restrictive in the sense that it gives notice of the trust to any one who should take the note thereafter, and therefore makes it impossible for one who should discount it for the holder to retain the proceeds, when collected, to his own use."

It would seem from the foregoing that the indorsement in the present case was restrictive. However, as between the plaintiff bank and the Atlantic Woodworking Company, the check was credited as a cash item and the proceeds used by the woodworking company. By reason of the crediting of the check, the bank, prior to the enactment of the Uniform Negotiable Instrument act, would have become the owner thereof to the extent it would have become the owner of legal tender notes or bank bills so credited or deposited. *Titus & Scudder* v. *Mechanics National Bank,* 35 *N. J. L.* 588, 592.

The Commercial Lumber Company was estopped from setting up against the bank the defense of lack of consideration because the bank did just exactly what the Commercial Lumber Company intended it to do, and that was to advance a credit to the Atlantic Woodworking Company on the strength of its check so that the note it held might be met. *State* v. *Scarlett,* 91 *N. J. L.* 200. The Commercial Lumber Company having put the Atlantic Woodworking Company

in the position where it obtained a credit on the strength of its check is estopped to deny its responsibility therefor.

No doubt the restrictive indorsement in the present case created a trust and gave notice thereof to latter purchasers, but it in no sense gave notice of defenses which the maker might .claim by reason of failure of consideration or otherwise. The English courts have taken the view that where a payee deposits a check in his bank and receives credit therefor, that the bank becomes a holder in due course thereof. *Brannan, Negotiable Instruments Law* (*4th ed.*) 228. The wisdom of such ruling appeals to business exigencies. But whatever view may be taken of section 47 of the act, which is, as Professor Brannan pointed out, unnecessarily broad (*Ibid.,* 317), still it is not so broad as to permit the maker of a check to assert defenses against a bank making advances on the strength of a check, which the maker intended it to make, so that a note which it has discounted, would not be charged up against it.

The judgment below is affirmed, with costs.

*For affirmance*—TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, WELLS, JJ. 9.

*For reversal*—None.