# Staunton

W. C. FINE V. RECEIVER OF DICKENSON COUNTY BANK.

September 20, 1934.

Present, All the Justices.

The opinion states the case.

*B. T. Wilson* and *Raymond J. Boyd,* for the appellant.

*Earl P. Rose, Walter Lee Rush* and *A. A. Skeen,* for the appellee.

EPES, J., delivered the opinion of the court.

In a suit pending in the Circuit Court of Dickenson county under the style of *State Corporation Commission of Virginia* v. *Dickenson County Bank, Inc.,* the court appointed a receiver for that bank. The decree here appealed from was entered upon a petition filed in that cause by W. C. Fine against the receiver of the bank. The pertinent facts are as follows:

On the 25th day of March, 1931, Wesley C. Fine placed in the Dickenson County Bank, Inc., a check dated Richmond, Virginia, March 23, 1931, drawn on the Treasurer of the United States, payable to the petitioner's order for the sum of $787.50, designated as check No. 57-309.

At the time this check was delivered to the bank by him Fine was given a deposit slip by the cashier of the bank which reads:

"DEPOSITED WITH DICKENSON COUNTY BANK

"(MOSS BRANCH)

"CLINCHCO, VA.

"By W. C. Fine—3-25-1931

"In receiving items for deposit or collection, this bank acts only as depositor's collecting agent and assumes no responsibility beyond the exercise of due care. All items are credited subject to final payment in cash or solvent credits. This bank will not be liable for default or negligence of its duly selected correspondents nor for losses in transit, and each correspondent so selected shall not be liable except for its own negligence. This bank or its correspondents may send items directly or indirectly

to any bank including the payor, and accept its draft or credit as conditional payment in lieu of cash; it may charge back any items at any time before final payment, whether returned or not, also any item drawn on this bank not good at close of business on day deposited.

|  | Dollars | Cents |
|---|---|---|
| "Currency | | |
| Silver | | |
| Gold | | |
| Checks as follows | 787 | 50 |
| Rich., Va. | | |
| 32 | | |
| Total | 787 | 50 |

"Not Negotiable Duplicate Deposit Ticket

"Received by M. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

Fine was a regular customer of the bank, and on the 25th day of March, 1931, had on deposit, subject to check, the sum of $28.84, which amount had been on deposit for about three months. On the day it received this check the bank posted the amount thereof ($787.50) to Fine's account on its depositors' ledger, which, added to the amount standing to his credit, made a total credit to his account of $816.34.

Subsequent to the 25th day of March, 1931, and prior to the 27th day of March, 1931, the petitioner made no withdrawals from his checking account, except the sum of $5, which was paid by the said bank on the 25th day of March, 1931, leaving a balance to the credit of Fine on the bank's ledger of $811.34.

On March 27, 1931, the Dickenson County Bank, Inc., was closed by order of the State Banking Department, and a receiver appointed for it by the court. Fine at once notified the Treasurer of the United States to stop

payment on the $787.50 check, and payment was held up for some time. But on March 18, 1932, the check was again presented to the Treasurer of the United States by the receiver of the bank and was paid to him.

In his petition Fine prays that the court order the receiver to deliver and surrender to him the amount received by the receiver from the Treasurer of the United States in payment of the $787.50 check.

The court referred the cause to a commissioner, who reported that Fine was only a general creditor of the bank. The court confirmed the report of the commissioner and decreed that Fine was only entitled to share in the distribution of the assets of the bank along with its general depositors. Fine has appealed from this decree.

We are of opinion that the court erred in not granting the prayer of the petition. The deposit slip delivered to and accepted by Fine constituted an express agreement that the bank should act as the agent of Fine to collect this check and then deposit its proceeds to Fine's credit. Though it speaks of the check being credited to Fine, it is plain that if it is credited to him, it is to be done merely for bookkeeping convenience, and that Fine shall acquire no rights by virtue of it being so credited unless and until the check is paid. The bank selected and used this form of deposit slip for its protection. But when it did so, it assumed the burdens thereof no less than it became entitled to its benefits. This case is controlled by *Miller* v. *Norton & Smith*, 114 Va. 609, 77 S. E. 452. The facts of this case are materially different from those in *Fourth National Bank* v. *Bragg*, 127 Va. 47, 102 S. E. 649, 11 A. L. R. 1034, and *McAuley* v. *Morris Plan Bank*, 155 Va. 777, 156 S. E. 418.

The cashier of the bank testifies that the bank would have permitted Fine to check against this "deposit," but there is nothing to show that this was communicated to Fine. Nor do we find anything in the evidence which

we think constituted a waiver either by the bank or by Fine of the contract made between them by the delivery to him and the acceptance by him of this deposit slip.

The decree of the trial court will be reversed, and final decree here entered for Fine in accordance with the prayer of his petition.

*Reversed, and final decree.*