SOUTHERN NATIONAL BANK OF NORTH CAROLINA v. UNIVERSAL ACCEPTANCE CORPORATION

No. 68DC73

(Filed 18 September 1968)

**1. Banks and Banking § 9— collection of checks — whether bank of deposit is collecting agent or holder in due course**

The mere crediting of the proceeds of a check to the account of its depositor will not make the bank a holder in due course of the check; if, however, the bank of deposit permits the depositor to withdraw completely the proceeds of the deposited check in advance of collection and prior to receipt of any notice that payment of the check has been stopped or that there is any defect in the check or in the title of the person negotiating it, the bank of deposit has given value for the check and is a holder in due course, in the absence of an agreement to the contrary.

**2. Banks and Banking § 9— collection of checks — title passes to bank of deposit by agreement of parties.**

Regardless of formal statements on a deposit slip that deposits are accepted for collection only or are subject to final payment, if the facts and circumstances surrounding the making of the deposit indicate that at the time it was made it was the intention of the parties that the depositor might withdraw completely the deposit, and he does so, the title to the item deposited passes to the bank.

**3. Banks and Banking § 9— collection of checks — bank as a holder in due course — sufficiency of evidence**

A bank is properly found to be a holder in due course of a check deposited with it — despite statements on its deposit slip that the bank acts only as a collecting agent in receiving checks or that checks are subject to final payment in cash — where there is evidence that (1) the bank permitted its depositor to withdraw against the total amount of the deposited check prior to completion of the ultimate collection of the proceeds from the drawee bank and prior to the time the bank received its first notice that the defendant-drawer had stopped payment on the check and that (2) the bank had customarily permitted the depositor to withdraw proceeds in a similar manner against checks drawn by the defendant.

**4. Banks and Banking § 9— waiver by bank of status as collecting agent**

A bank may waive the provision on its deposit slip that it acts as a collecting agent for the depositor in receiving the check or that the check is subject to final payment in cash, and evidence of its intent to do so may be shown by evidence that it had customarily waived this protection in the past.

**5. Bills and Notes § 19— defenses against holder in due course**

A holder in due course of a check holds the check free of any defense the drawer may have against the payee.

**6. Bills and Notes § 7— endorsement "for deposit only" — nonrestrictive**

The endorsement of a check "for deposit only" does not constitute a restrictive endorsement.

**7. Bills and Notes § 20— presumptions and burden of proof**

A depositary bank is not required to prove the identity or the extent of the authority of the particular person who stamps an endorsement "for deposit only" on the back of a check, since the endorsement on its face is for the obvious benefit of the payee and it may be presumed that the person who placed it there acted with full authority of the payee.

**8. Bills and Notes § 19— defenses against holder in due course — competency of evidence**

Where plaintiff bank of deposit was properly found to be a holder in due course of the check deposited with it by defendant's payee, defendant's evidence that the payee procured the check by submitting to it fraudulently fabricated insurance contracts is irrelevant and is properly excluded in plaintiff's action to recover the amount of the check.

APPEAL by defendant from *Floyd, J.*, at the 27 November 1967 Civil Non-Jury Session of the District Court of ROBESON County.

This is a civil action to recover the amount of a negotiable check drawn by defendant and on which defendant had stopped payment. Plaintiff alleges it holds the check as a holder in due course. The parties waived trial by jury. Plaintiff's evidence showed substantially the following:

Plaintiff is a national banking association with its principal office in Lumberton, North Carolina. On 29 June 1966 defendant corporation drew a check negotiable in form on its account with First Citizens Bank and Trust Company, Fayetteville, N. C., in the amount of $2,510.08, payable to the order of L. H. Cox Insurance Agency (hereinafter called Insurance Agency). On 1 July 1966 the check was deposited with the plaintiff at plaintiff's branch bank in Laurinburg, N. C., endorsed with a stamp bearing the legend: "For deposit only, Leland H. Cox Insurance Co." The amount of the check was credited to the account of Insurance Agency in plaintiff's branch bank at Laurinburg and plaintiff routed said check for collection through normal banking channels to the drawee bank at Fayetteville. Immediately prior to the deposit, Insurance Agency had a balance on deposit in plaintiff's bank at Laurinburg of $6.12. Insurance Agency was permitted immediately to draw checks on its account and on 2 July 1966 had reduced its balance after the deposit of the aforesaid check to $614.12, and daily thereafter continued to draw checks on said account until 12 July 1966, when all funds had been completely withdrawn and the balance of Insurance Agency's account with plaintiff bank was zero. On 13 July 1966 plaintiff received its first notice that defendant had stopped payment on said check and at that time Insurance Agency had no funds on deposit with plaintiff. On several occasions previous to the deposit of 1 July 1966,

Insurance Agency had deposited checks to its credit drawn by the defendant and all of said checks had been honored when presented for collection. Plaintiff bank had customarily permitted Insurance Agency to withdraw the proceeds of said checks prior to collection of the same from the drawee bank. The signature card on record with the plaintiff bank for the account of Insurance Agency and the deposit slip used for making deposit of the check involved in this case both had printed thereon, in substance, that plaintiff bank acts only as depositor's collecting agent for checks deposited with it.

Defendant, which is engaged in the business of financing automobile insurance premiums, sought to introduce evidence as to its reason for stopping payment. On plaintiff's objection this evidence was excluded. Had it been admitted it would have tended to show that the Insurance Agency, payee of the check, had procured the check to be issued to it by the defendant by submitting to defendant fraudulently fabricated insurance contracts made either with non-existent persons or with persons not solicited by Insurance Agency.

The court made findings of fact substantially as shown by plaintiff's evidence and concluded as a matter of law that the plaintiff could and did waive its right to be an agent for collection of the check in question; that plaintiff paid full value for said check in good faith and without notice of any infirmity and prior to notice that payment had been stopped; that plaintiff is a holder in due course of said check; and that defendant is liable to plaintiff for the full amount of the check with interest. From judgment that plaintiff recover of defendant the sum of $2,510.08 with interest and costs of this action, defendant appeals.

*McLean and Stacy, by H. E. Stacy, Jr., for plaintiff appellee.*
*Braswell and Strickland, by Robert C. Braswell, for defendant appellant. ·*

PARKER, J.

The transactions giving rise to this case all occurred prior to 30 June 1967, the effective date in North Carolina of the Uniform Commercial Code. G.S. 25-10-101. The rights of the parties are, therefore, controlled by the prior law.

Defendant assigns as error the court's refusal to grant its motions of nonsuit made at the close of plaintiff's evidence and again at the close of all evidence and the court's exclusion of evidence offered by defendant as to its reason for stopping payment on the check. Defendant contends that under the evidence in this case the court

erred in finding plaintiff to be a holder in due course of the check sued upon and that the court should have found that plaintiff acted only as a collecting agent for Insurance Agency, against whom defendant asserts it has a good defense. In support of its contention defendant points to the language on the signature card on file with plaintiff bank in connection with Insurance Agency's account and the similar language on the deposit slip used when the Insurance Agency deposited defendant's check to its account in plaintiff bank. This language is to the effect that in receiving items for deposit or collection, the bank acts only as depositor's collecting agent and all items are credited subject to final payment in cash or solvent credits.

**[1]**   A similar contention was made in the case of *Bank v. Courtesy Motors,* 250 N.C. 466, 109 S.E. 2d 189. In that case, Parker, J. (now C.J.), speaking for the Court said:

> "Although the overwhelming majority of the courts have held that the mere crediting of the proceeds of a cheque to the account of its depositor will not, without more, make the bank a holder in due course of the cheque, it has been held or stated by a large majority of the courts that when the bank permits its depositor to withdraw completely or otherwise completely employ the proceeds of the cheque deposited in advance of collection and prior to receipt of any notice that payment of the cheque has been stopped or that there is any infirmity in the cheque or defect in the title of the person negotiating it, the bank of deposit, in the absence of an agreement to the contrary, has given value for the cheque, and is the owner of it and a holder in due course. (Citing cases and authorities.)"

**[2]**   In *Bank v. Courtesy Motors, supra,* the defendant contended, as the defendant in the case before us now contends, that the language on the deposit slip reciting that the plaintiff bank acts as a collecting agent in receiving the check and that the check is credited to the payee's account subject to final payment in cash or solvent credits, prevents the passing of title to the check to the plaintiff bank. In answer to this contention, the Court said (p. 474):

> ".  .  . Regardless of formal statements on a deposit slip such as that deposits are accepted for collection only, or that items are credited conditionally, or are subject to final payment, if the facts and circumstances surrounding the making of the deposit indicate at the time it was made it was the actual agreement and intention of the parties that the depositor might withdraw completely the deposit, or otherwise completely employ it, and he does so, the title to the item deposited thereupon passes to the bank."

[3-5]  Defendant seeks to distinguish *Bank v. Courtesy Motors,* *supra,* from the present case by pointing out that in that case there was evidence that the depositary bank, at the time it accepted the check for deposit, knew that payee had already drawn checks against its account and the bank had agreed to honor these outstanding checks out of the credit created by the deposited check. It is true that in the present case there is no evidence that Insurance Agency had already drawn checks against its account in plaintiff bank at the time defendant's check was deposited. However there was ample evidence that, despite the language on the signature card and the deposit slip, the plaintiff bank had customarily permitted its depositor, the Insurance Agency, to draw against credits created in its account by deposit of checks drawn by defendant prior to the time that the plaintiff had completed ultimate collection of the proceeds of those checks from the drawee bank. The language on its deposit slip was placed there by the plaintiff bank for its own protection. The bank may waive such a provision. *Ledwell v. Milling Co.,* 215 N.C. 371, 1 S.E. 2d 841. Evidence that it had customarily waived this protection was competent as tending to show that it also intended to do so with reference to the check here in suit. It was for the trier of the facts, in this case the district court judge, to determine what the actual agreement between the plaintiff bank and its depositor was when plaintiff accepted for deposit the check here in suit and whether the bank waived with reference to this check the protective provisions on its deposit slip. There was ample evidence to support the court's finding that the plaintiff did so waive those provisions and that in good faith it paid full value for the check without notice of any defenses the drawer might have had against the payee and prior to receiving any notice that payment had been stopped. This finding supports the court's conclusion that as a matter of law plaintiff was a holder in due course of the check. *See* § 52 of the N.I.L; G.S. 25-58, as the same was in effect prior to 30 June 1967. As a holder in due course the plaintiff holds the check free of any defenses defendant might have had against the payee. For other cases reaching a result consistent with our present holding, *see* Annotation in 59 A.L.R. 2d 1173.

[6]  Nor does the fact that the check was endorsed with a stamp "For deposit only" change the situation. While the cases are in conflict as to whether such an endorsement is restrictive within the language of the N.I.L., the more reasonable construction would support the holding that such an endorsement is nonrestrictive. N.I.L., § 36 (old G.S. 25-42) provided:

"An indorsement is restrictive which either (1) prohibits the

further negotiation of the instrument; or (2) constitutes the indorsee the agent of the indorser; or (3) vests the title in the indorsee in trust for, or to the use of, some other person. But the mere absence of words implying power to negotiate does not make an indorsement restrictive."

An endorsement "for deposit" does not prohibit further negotiation any more than would an endorsement to the order of a named person. In either case the parties generally intend the check to be further negotiated, in the one case by the further endorsement of the person to whose order it has been endorsed and in the other by sending the check forward through normal banking channels with bank endorsements thereon for ultimate collection from the drawee bank. Further, it is difficult to find in the words "for deposit" any disclosure of the creation of an agency or trust. *See* Britton, Bills and Notes 2d, § 70, p. 160; *Bank v. Niles,* 190 Iowa 752, 180 N.W. 880; *Bank v. Products Company,* 240 Iowa 547, 37 N.W. 2d 16; 9 A.L.R. 2d 459. Other authorities have held that while an endorsement "for deposit" should be regarded as restrictive and should be notice to any subsequent taker of rights in the instrument reserved by the endorser, nevertheless a bank taking such a check for deposit to the account of its customer acquires rights of ownership and holder in due course status if the proceeds are withdrawn before collection is completed. *See* Brady, Bank Checks, 1968 Supp., § 5.11. Still other authorities give protection to the bank by finding operation of an estoppel. See *Bank v. Lumber Co.,* 107 N.J. 492, 155 Atl. 762, 75 A.L.R. 1413. In the present case the plaintiff bank in good faith and without notice of any defenses of the drawer as against the payee paid to the payee full value for the check. "As between the purchaser for value of negotiable paper and the maker or acceptor who puts it in circulation, the loss, if any arises, should fall upon one who places it in circulation." *Bank v. Stirling,* 65 Idaho 123, 140 P. 2d 230, 149 A.L.R. 314.

[7]    Nor do we think that it was necessary for plaintiff to come forward with specific evidence as to the identity or authority of the person who stamped "For deposit only" and the name of the payee on the check. On its face such an endorsement was for the sole benefit of the named payee and it may be presumed that the person who placed it there acted with full authority of the payee. The endorsement "for deposit only" to the payee's account is very extensively used in the business world in the handling of checks. Such an endorsement protects the payee against the hazards of loss or theft of the check prior to the time its proceeds are credited to his account. In many cases the depositary bank would not later be able and we

hold it is not required to prove the identity or the extent of authority of the particular clerk or other person who pressed the rubber stamp bearing such endorsement on the back of the check. Such an endorsement which is so obviously for the payee's benefit does, in effect, "prove itself" and the principle announced in *Mayers v. McRimmon*, 140 N.C. 640, 53 S.E. 447, does not apply.

While, as noted above, the Uniform Commercial Code became effective in this State only after the transactions here involved occurred, our present decision is consistent with the policy followed by the General Assembly when it adopted the Code. G.S. 25-4-208 gives to a depositary bank under the circumstances here involved a security interest in the deposited check and G.S. 25-4-209 provides that, for purposes of determining its status as a holder in due course, the bank has given value to the extent it has such a security interest.

[8] Holding as we do that the trial court was correct in according to the plaintiff the status of a holder in due course of the check here in suit, evidence concerning the defenses which defendant may have had as against the payee and concerning defendant's reasons for stopping payment on the check was not relevant, and appellant's assignments of error directed to the exclusion of such evidence are without merit. We have also reviewed all of appellant's remaining assignments of error and find them to be without merit.

The decision of the District Court is

Affirmed.

MALLARD, C.J., and BROCK, J., concur.