## J. A. STYLES v. WHITING MANUFACTURING COMPANY.

### (Filed 13 December, 1913.)

**Principal and Agent—Declarations of Agent—Trials—Evidence.**

Declarations of an agent made within the scope of the agency and concerning the very business about which the declaration is made, whether the principal be a person or corporation, is competent in evidence to the same extent as the declaration of the principal would be; and in this case is held applicable to the declarations of an agent as to the amount of hauling and delivering logs done by the plaintiff upon which he was to receive compensation in commission of a certain per cent.

APPEAL by defendant from *Ferguson, J.,* at Fall Term, 1913, of GRAHAM.

This action is to recover money alleged to be due on certain logging contracts. · The plaintiff offered evidence tending to prove·that he logged. 92,437· feet at $3.55 per 1,000 feet; that his contract was that he was to have 75 per cent of the money when his logs were cut and skidded by the side of the railroad track, and was to have the other 25 per cent when loaded on cars; he admitted that he had been paid the 75 per cent on the 92,437 feet, but contended that they had held back $82.03, or 25 per cent, and as the logs had been loaded and hauled away, he was entitled to this; that he had logged 9,900 feet at $3.35 per 1,000 feet, for which he had not been paid anything; that the defendant owed him $34.14 on this; that he sold out his contract to Bryson & Griffith, and that they logged 92,661 feet, and that they afterwards turned the contract back to him, agreeing with him that he could have the 25 per cent held back on these logs. It was admitted by the plaintiff that if Bryson & Griffith had been paid, he could not recover on that account.

In order to fix the amount of logs skidded by Bryson & Griffith, the plaintiff was allowed to testify, over the objection of the defendant, that some one, whose name he could not remember, who, he stated, was scaling logs for the defendant, had given him a slip of paper, and that this paper showed that Bryson & Griffith had logged 92,661 feet, and that 25 per cent of same amounted to $80.97.

STYLES *v.* MANUFACTURING CO.

The defendant requested his Honor to charge the jury that the plaintiff could not recover anything on the Bryson & Griffith account, which was refused, and the defendant excepted.

His Honor charged the jury, among other things: "The work which was done by Bryson & Griffith, if he was to have the 25 per cent retained on that, and you find that it was not paid to Bryson & Griffith, the 25 per cent which was retained is still due and unpaid, then he would be entitled to recover that amount."

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Dillard & Hill for plaintiff.*
*Morphew & Phillips for defendant.*

PER CURIAM. The natural interpretation of the evidence of the plaintiff as to the declaration of the agent of the defendant is that the declaration was made while the agent was engaged in the work of scaling logs for the defendant, for the purpose of ascertaining the true measurement, and so understood, is competent.

The rule as to the admissibility of such evidence is stated in *Gazzam v. Insurance Co.,* 155 N. C., 340, to be that, "The competency of the declarations of an agent of a corporation rests upon the same principle as the declarations of an agent of an individual. If they are narrative of a past occurrence, as in *Smith v. R. R.,* 68 N. C., 107, and *Rumbough v. Improvement Co.,* 112 N. C., 752, they are incompetent; but if made within the scope of the agency and while engaged in the very business about which the declaration is made, they are competent. *McComb v. R. R.,* 70 N. C., 180; *Southerland v. R. R.,* 106 N. C., 105; *Darlington v. Telegraph Co.,* 127 N. C., 450."

His Honor properly refused to give the instruction prayed for. If the defendant owed Bryson & Griffith on the logging contract, and at the time they assigned the contract to the plaintiff they agreed that the plaintiff should have the amount due them, he was entitled to recover it.

No error.