E. E. ROBERTSON v. PLYMOUTH LUMBER COMPANY.

(Filed 18 February, 1914.)

1. **Principal and Agent—Evidence—Declarations of Agent.**
    Where an agent of the defendant has been negotiating as such agent, for the rental of plaintiff's boat, evidence in plaintiff's behalf that the agent told the witness to tell plaintiff the defendant had decided to take the boat at a certain rental, keep it in good repair, and return it in good condition, constitutes the contract itself which the agent had general authority to make in behalf of the principal, and is not the narration of a past transaction; and is competent in the plaintiff's action to recover damages under the contract.

2. **Principal and Agent—Ratification—Evidence.**
    Where the defendant has used a boat in the conduct of its business rented by its general agent for the purpose of transporting its laborers to and from their work and for other purposes, furnished the gasoline and oil, and there is evidence that the laborers were required to pay certain transportation charges which the defendant deducted from their wages, the evidence is sufficient upon the question of the defendant's ratification of the acts of its agent; and evidence in defendant's behalf that the transaction was a personal one to the agent, that he was paid the transportation fares and charges, raises a question for the jury.

3. **Contracts—Breach—Damages—Negligence.**
    Where A. enters into a contract with B. for the renting of a boat, wherein it is agreed that A. will keep it in good repair and return it in good condition, and the boat is returned in a

damaged condition, A. is liable to B. for the damages arising from the breach of contract, irrespective of the question of negligence.

APPEAL by defendant from *Connor, J.,* at September Term, 1913, of MARTIN.

Civil action, tried upon these issues:

1. Was the plaintiff's boat injured by the negligence of defendant, as alleged? Answer: Yes.

2. If so, what damage did plaintiff sustain? Answer: $250. From the judgment rendered, defendant appealed.

*H. W. Stubbs for plaintiff.*
*Gaylord & Gaylord for defendant.*

BROWN, J. The action is to recover damages for failure to return plaintiff's gas boat in good condition. The defendant denies that it hired the boat or that it was injured by its negligence.

The defendant excepts to the ruling of the court permitting Thomas Hopkins, a witness for plaintiff, to testify: "Later, Horton told me to tell Robertson that Plymouth Lumber Company had decided to take the boat, and would pay every two weeks, and would keep her in good repair and return her in good condition."

It is contended that the declaration of Horton is that of an agent relating to a past transaction, and is incompetent as against the principal under the rule laid down in *Styles v. Manufacturing Co.,* 164 N. C., 376; *Rumbough v. Impr. Co.,* 112 N. C., 752; *Southerland v. R. R.,* 106 N. C., 105; and other similar cases.

The declaration of Horton is not the recital of a past occurrence. It was the contract itself, made with plaintiff Robertson through the mediation of Hopkins, and no other contract than that was made. Robertson testifies:

"Boat was rented in February, 1911. I had been logging up river. Horton bought my timber and O. K.'d statement. I would take statement to defendant company, who would pay me.

I accepted contract of rental at $2 per week as conveyed to me by Hopkins, and never received any rent. My boat was damaged about $350."

Horton was the general manager of the defendant's logging business, and had power to hire and discharge laborers, and to fix their wages. The boat was hired for the purpose of carrying the laborers to and from their work.

. There is abundant evidence to sustain the position that when Horton delivered the message to Hopkins to be given to the plaintiff, he was acting for the defendant, and within the scope of his agency. The contract as thus made through Hopkins was accepted by the plaintiff and the boat delivered to the defendant.

There is evidence sufficient to go to the jury that the defendant ratified Horton's contract. The laborers were required to pay 25 cents per week passage money, and that sum was deducted by the defendant from their pay. Although Horton testifies that he hired the boat as a personal transaction, and that this deduction was made for his benefit, the real truth of the matter was eminently a question for the jury.

The defendant company used the boat in transporting logging gear from its mill in Plymouth to the woods, and also furnished the gasoline and oil to run the boat with.

We think the declaration objected to was competent as made in the scope of Horton's agency, and while acting for the defendant in the furtherance of its business, and comes within the rule enunciated in *Gazzam v. Insurance Co.,* 155 N. C., 340:

"Competency of the declarations of an agent of a corporation rests upon the same principle as the declaration of an agent of an individual. If they are a narrative of a past occurrence, as in *Smith v. R. R.,* 68 N. C., 107, and *Rumbough v. Improvement Co.,* 112 N. C., 752, they are incompetent; but if made within the scope of the agency and while engaged in the same business about which the declaration is made, they are competent."

The defendant further excepts because motion to nonsuit was denied.

There is abundant evidence that the only contract made was the one testified to by Hopkins and accepted by the plaintiff. It is in evidence that the engineer, Twiddy, in the employ of the defendant, was in charge of the boat, and being drunk at the time, carelessly ran the boat over an obstruction in the river and damaged it.

This is sufficient evidence of negligence, even if it is necessary to prove negligence. But under the contract as testified to by Hopkins, it is only necessary to prove a breach of the contract, viz., that the boat was not kept in good repair nor returned in good condition, and there is abundant evidence of that.

No error.