LEONARD S. MORGAN v. ROYAL BENEFIT SOCIETY AND ROYAL FRATERNAL ASSOCIATION.

(Filed 18 November, 1914.)

1. Corporations—Officers—Principal and Agent—Insurance—Reinsurance—Declarations—Evidence.

The rule as to the competency of declarations of an agent to bind his principal applies to corporations and their officers or agents, and the declarations, to be competent, must be with regard to matters within the scope of the agent's authority to act and made during the course of his duties as such agent; and in this action against two insurance companies on a policy issued by one of them, which, being a foreign corporation, has withdrawn from soliciting new business here, on the ground that the other defendant was organized here for the purpose of assuming, and did assume the policies of the former, a letter written by a local agent of the domestic corporation, who had been the agent of the foreign corporation, and after the policy sued on had matured, stating that the general manager said he would endeavor to secure payment from the home office of the foreign corporation, and if not, it would be paid by the domestic corporation, is incompetent as evidence of the alleged arrangement, not only as concerning matters beyond the scope of his authority to bind his company, but as hearsay and *res inter alios acta.*

2. Appeal and Error—Nonsuit—Incompetent Evidence.

Where the only evidence to sustain the cause of action alleged by the plaintiff is incompetent, but erroneously admitted, and an appeal has been taken by the defendant for the refusal of judgment of nonsuit thereon, the Supreme Court will not overrule the trial court and grant the nonsuit, for the plaintiff would then have been deprived of the opportunity of substituting other and competent evidence which might have been available; and therefore a new trial will be ordered.

3. Justice of the Peace—Judgment Against One Defendant—Appeal—Parties
   —Appeal and Error.

Where in an action cognizable in the court of a justice of the peace two
insurance companies are sued for the payment of a matured policy, alleg-
ing joint responsibility thereon, and judgment is rendered against both
of them, with appeal to the Superior Court by only one, it is error for the
trial judge, on motion of the plaintiff, to order that the other defendant
be made a party in the court, as its presence is unnecessary.

APPEAL by defendant fraternal association from *Devin, J.,* at Feb-
ruary Term, 1914, of FORSYTH.

This action was brought to charge the defendant Royal Fraternal
Association with the payment of a policy of insurance issued by its
codefendant, Royal Benefit Society, on the life of Sarah C. Morgan for
the benefit, at her death, of her son, Leonard Morgan. The Royal Bene-
fit Society is a corporation of the District of Columbia, and in 1910 was
doing an insurance business in North Carolina, issuing policies to its
members. The Royal Benefit Society issued a policy of insurance,
No. 58343, on the life of Sarah C. Morgan, payable at her death to her
son, Leonard Morgan. The license of the Royal Benefit Society was
revoked by the Insurance Commissioner of North Carolina on 14 May,
1910, which prevented said company from writing any new insurance
after that date. Lucy F. Ragsdale was the local agent of the Royal
Benefit Society in the city of Winston-Salem, N. C. On 2 June, 1910,
the Royal Fraternal Association was organized and chartered as an
insurance company by the Secretary of State for North Carolina, with
its principal place of business at Charlotte, N. C. It began business
1 August, 1910, issuing its first policy of insurance on said date. The
Royal Fraternal Association was an insurance company conducted
under the lodge plan. Its members were required to make application
to said company for insurance, submit to a medical examination, and if
said examination was satisfactory the said company then issued a policy
of insurance, which was different from that issued by the Royal Benefit
Society to the applicant. Lucy F. Ragsdale was licensed as the local
agent of the Royal Fraternal Association to solicit business for said
company in the city of Winston on 16 June, 1910. She sent all moneys
collected for the Royal Benefit Society direct to Washington, D. C., and
none of it went to the Royal Fraternal Association in Charlotte, N. C.,
as defendant contends; but plaintiff says that $1.25 found its way into
the coffers of the association at Charlotte, N. C., of which C. B. Bailey
was the general manager. The Fraternal Association was organized in
June, 1910, and issued its first policy 1 August, 1910. Sarah C. Morgan
was sick in April, 1910, and continued sick until her death, 2 July, 1910,
which occurred one month before the Royal Fraternal Association be-
gan business. The plaintiff brought suit before a justice of the peace

against both defendants on the policy issued by the Royal Benefit Society. It is not contended by the plaintiff that the Royal Fraternal Association ever issued any policy to Sarah C. Morgan, or that she ever made application for an insurance policy to said company.

Judgment was rendered by the justice of the peace in favor of the plaintiff against the Royal Benefit Society, and dismissed as to the Royal Fraternal Association. The plaintiff appealed from the judgment of the justice of the peace as to the Royal Fraternal Association. There was no appeal as to the Royal Benefit Society.

In the Superior Court an order was made permitting a summons to issue to the Royal Benefit Society to make it a party defendant to said action. The defendant Royal Fraternal Association objected to this order, for the reason that the suit was on contract and the amount less than $200, and that the Superior Court had no jurisdiction, and excepted when the objection was overruled. Verdict and judgment for plaintiff, and defendant appealed.

*Alexander, Parrish & Korner for plaintiff.*
*Hastings & Whicker and E. R. Preston for defendant.*

WALKER, J., after stating the case: The ground of this action is that the license of the Royal Benefit Society to do business in this State, it being a foreign corporation with place of business in Washington, D. C., had been revoked by the Insurance Commissioner of this State, and thereafter the other company or association had been chartered and organized for the purpose of taking over and carrying the outstanding policies of the banished society. The plaintiff offered testimony which, if competent, had some tendency, perhaps, to show the above relation between the two associations, and, as a part of such testimony, he introduced the following letter from Lucy F. Ragsdale, who had been a local agent at Winston-Salem, N. C., of the Royal Benefit Society, to Leonard Morgan, the beneficiary of the policy issued by it to his mother:

WINSTON-SALEM, N. C., 26 September, 1910.
MR. MORGAN.

DEAR SIR:—Yours of today received. In regard to the death of your mother, will say that I have just returned from home office and investigated the matter, and I find that your mother was perfectly square on books and did not owe one penny. Nolas told me that you said the company wrote you that she had not paid; but that is a mistake. The general manager told me to say to you that you should get every penny of that money if he could possibly make the home office in Washington pay it, and if they did not pay it he would pay it out of that office; said rest assured that you would get it. I have been working very hard for that claim, and I am going to see that you get it.

Hope you and Susie are well.

Respectfully,          MRS. L. F. RAGSDALE.

That letter was dated after the death of Sarah C. Morgan, which occurred on 2 July, 1910, more than two months before. Defendant objected to the admission of this letter as evidence, and duly excepted when its objection was overruled and the letter was admitted by the court and read in evidence.

The court erred in admitting the letter of Lucy F. Ragsdale. It was incompetent on several grounds: (1) As the declaration of an agent offered to bind her principal, when she had no authority, by virtue of her position as local agent or otherwise, to make it in behalf of her principal. (2) It was rank hearsay, or the unsworn statement of a third person as to a material fact in the case, that is, as to what she had heard another person say. (3) It was *res inter alios acta;* and (4) It was the declaration of an agent after the fact, towit, the death of the policy-holder, which is not admissible against the principal, and is, therefore, forbidden by the rule of evidence upon which the following cases were decided: *Southerland v. R. R.,* 106 N. C., 100; *Rumbough v. Improvement Co.,* 112 N. C., 751; *Edgerton v. R. R.,* 115 N. C., 645; *Williams v. Telephone Co.,* 116 N. C., 558; *Darlington v. Telegraph Co.,* 127 N. C., 448; *Summerrow v. Baruch,* 128 N. C., 202; *Lyman v. R. R.,* 132 N. C., 721, and *Younce v. Lumber Co.,* 155 N. C., 239. In the *Rumbough case* the Court thus stated the rule: "Officers of corporations, from the highest to the lowest, are only the agents of such corporations. What acts they perform and what contracts they make for their principals are binding if within the scope of their particular authority, express or implied. But the scope of the authority of one officer or agent, as to a past transaction at least, cannot be proved by the unsworn declaration of another officer or agent. The objection to the admissibility of such testimony is obvious." And it was said in the oft-cited case of *Smith v. R. R.,* 68 N. C., 107: "The power to make declarations or admissions in behalf of a company as to events or defaults that have occurred and are past cannot be inferred as incidental to the duties of a general agent to superintend the current dealings and business of the company. No such power is expressly given by the by-laws of defendant company, and a general power so unusual and so unnecessary in the ordinary business of a company must require a clear and distinct grant." This Court said in *Styles v. Mfg. Co.,* 164 N. C., 376, by a *per curiam* opinion, which indicates that the principle was too well settled and familiar to be misunderstood or misapplied: "The rule as to the admissibility of such evidence is stated in *Gazzam v. Ins. Co.,* 155 N. C., 340, to be that 'The competency of the declarations of an agent of a corporation rests upon the same principle as the declarations of an agent of an individual. If they are narrative of a past occurrence, as in *Smith v. R. R., supra,* and *Rumbough v. Improvement Co., supra,* they are incompetent; but if

made within the scope of the agency and while engaged in the very busi-ness about which the declaration is made, they are competent. *McComb v. R. R.,* 70 N. C., 180; *Southerland v. R. R.,* 106 N. C., 105; *Darling-ton v. Telegraph Co., supra.'"* In *Barnes v. R. R.,* 161 N. C., at p. 582, *Justice Brown* says: "The plaintiff offered the declarations of Fulton Carter concerning this matter, and proposed to prove them by William Lowrie. They were properly excluded. Carter was a station hand, and the alleged declarations were not within the scope of his authority. They are hearsay in every sense," citing *Lytton v. Mfg. Co.,* 157 N. C., 331; *Younce v. Lumber Co.,* 155 N. C., 241, and *Rumbough v. Improve-ment Co., supra.* So we take it as thoroughly well settled that evidence of this kind is incompetent as being hearsay and beyond the authority of the declarant to bind the principal thereby.

Defendant also objected to two letters alleged to have been sent out from Washington, D. C., and purporting to have been signed, with a rubber stamp and typewriter, by M. B. Garber, as National secretary of the Royal Benefit Society, and authorizing collectors of the society in this State to collect dues from policy-holders in the name of and remit to the Royal Fraternal Association, instead of the Royal Benefit Society, and give receipts accordingly. The objection was put upon the grounds that the handwriting of Garber had not been proved, nor had it been shown that they were written by him or under his authority, nor that they were sent out with the knowledge or consent of the other associa-tion, nor that they were received by the collectors or seen by any of the policy-holders; and for this objection they cited and relied on *S. v. Shields,* 90 N. C., 687; *Simmons v. Mann,* 92 N. C., 12; *Daniel v. R. R.,* 136 N. C., 517; *Lyman v. R. R., supra.* There are other exceptions strenuously urged upon our attention by the learned counsel for appel-lant, but we need not now discuss them, as it is barely possible, if not probable, that the questions to which they refer may never arise again, though, if they do, they will be worthy of serious consideration.

We grant a new trial for the sole reason that the court improperly admitted the letter of Lucy F. Ragsdale, which was material and preju-dicial. The judge, in his charge, stated to the jury that this letter was a sufficient memorandum, under the statute of frauds, to charge the Royal Fraternal Association upon the promise therein made to answer for the liability of the other insurance association. We have carefully examined the testimony of Lucy F. Ragsdale, and find that the letter is not cor-roborative; but the judge, as we have shown, treated it as substantive evidence, and in this he erred, as there is nothing to show any authority from the Royal Benefit Society to make any such promise, except the mere declarations and unsworn statements of its agent, made after the fact, and not while actually engaged in the very transaction about which they speak *(dum fervit opus)*.

We cannot grant the motion to nonsuit, as the court acted upon this incompetent evidence in refusing the motion of defendant to dismiss the action, and if it had been ruled out, as it should have been, the plaintiff may have substituted other competent evidence in its place, and improved, if not matured, his case.

There is one point made by defendant which requires notice. This action originated in the court of a justice of the peace, where a judgment was entered, as above stated. The Royal Fraternal Association appealed, but its codefendant, the Royal Benefit Society, did not, so that it was not a party when the case was first constituted in the Superior Court. The court, on motion of plaintiff, ordered it ·to be made a party, which was done, and, we think, erroneously. Judgment had already been taken against said company, and its presence in the case was not further required for the purpose of charging it with liability for the debt. It had no further interest in the case, as this is a straight action of debt and not an equitable suit by the Royal Benefit Society to compel the Royal Fraternal Association to comply with its alleged contract of indemnity with it. The Superior Court had no original jurisdiction of an action against the Royal Benefit Society, as the claim was less than $200, and it was not a necessary or even proper party, in order that the plaintiff might recover against the Royal Fraternal Association. We can see how the latter defendant could be prejudiced by its presence in the case, and it might affect the course of the trial and the questions of evidence. We can see no good reason for making the Royal Benefit Society a party, and it will be dismissed from the case·and its name stricken from the record, at plaintiff's cost.

Because of the error pointed out by us, the defendant is entitled to another jury.

New trial.