W. J. MIDGETT v. JOHN A. NELSON, FISH COMMISSIONER; THOMAS A. BASNIGHT, ASSISTANT FISH COMMISSIONER; WAYLAND BAUM; NATIONAL SURETY COMPANY, AND GREAT AMERICAN INDEMNITY COMPANY.

(Filed 22 September, 1937.)

1. **Evidence § 33—Certificate authenticating public record may not be used to prove facts not appearing upon face of the record.**

   The certificate of the Insurance Commissioner, authenticating copy of bond of Assistant Fish Commissioner, contained statements relative to coverage and amount of the bond not appearing in the bond, which upon this certificate was offered in evidence. *Held:* The certificate was incompetent to prove the facts and conclusions stated in the certificate not appearing in the bond.

2. **Appeal and Error § 40e—**

   Even though the evidence relied on by the trial court in refusing defendant's motion to nonsuit is held incompetent on appeal, the motion will not be allowed, since, if the evidence had been excluded upon the trial, defendant might then have sustained his case with other evidence.

**3. Pleadings § 20—**

>   Upon demurrer, the allegations of the pleading will be taken in the light most favorable to the pleader, and the demurrer will not be sustained unless the pleading is wholly insufficient.

APPEAL by defendant Great American Indemnity Company from *Williams, J.,* at March Term, 1937, of CURRITUCK. New trial.

Action by plaintiff for damages for tort alleged to have been committed under color of their offices by Jno. Nelson, State Fish Commissioner, and Thomas A. Basnight, Assistant Fish Commissioner, and to impose liability therefor upon the Great American Indemnity Company, surety on the bond of its codefendants.

Judgment of nonsuit was entered as to defendants Jno. A. Nelson and Wayland Baum.

There was verdict for plaintiff as against defendants Basnight and the said Indemnity Company, and from judgment on the verdict the defendant Indemnity Company appealed.

*D. L. Russell and George J. Spence for plaintiff.*
*J. Henry LeRoy for defendant Indemnity Company, appellant.*

DEVIN, J. The appellant assigns as error the admission in evidence, over its objection, of the certificate of the State Commissioner of Insurance authenticating the bond of defendant Basnight. C. S., 1779, renders competent copies of all official bonds filed or recorded in any public office when certified by the keeper of such records under the seal of his office. The certificate, which was here offered in evidence with the bond, was as follows:

"I, Dan C. Boney, Insurance Commissioner in and for the State of North Carolina, do hereby certify that the attached is a true and correct copy of the Schedule Bond covering all State officers and employees, and which bond includes coverage upon John A. Nelson, as Fisheries Commissioner, in the sum of $5,000 from 9 June, 1931, through the present date, and which is still in force; and also includes Thomas A. Basnight, Assistant Fisheries Commissioner, in the sum of $1,000, covering from 1 October, 1935, which bond is still in force.

"In testimony thereof, I have hereunto set my hand and affixed my official seal at the city of Raleigh, this the seventeenth day of September, A.D. 1936.                                         DAN C. BONEY,
*Insurance Commissioner.*"

The copy of the bond, which appears in the record, does not contain a schedule of the names of officials or employees bonded, nor the amounts thereof, nor the duration of the bond, and the only reference to the

defendants in connection therewith is that contained in the certificate of the Insurance Commissioner. This manifestly goes beyond the office of the certificate of genuineness which is authorized to be attached to a copy of a public record or official bond, and contains statements of material matters which do not appear in the paper certified. The certificate was, therefore, incompetent to prove the facts and conclusions therein stated in addition to and apart from the writing itself. *Wiggins v. Rogers,* 175 N. C., 67; *S. v. Champion,* 116 N. C., 987.

For this there must be a new trial. The appellant's motion for judgment of nonsuit cannot be allowed. Though the court below, in denying the motion, acted upon evidence which we now hold to be incompetent, yet, if this evidence had not been admitted, the plaintiff might have followed a different course. *Morgan v. Benefit Society,* 167 N. C., 262 (top p. 267).

The demurrer was properly overruled. The allegations of the complaint, admitted by the demurrer and taken in the light most favorable to the pleader, could not be overthrown unless wholly insufficient. *Leach v. Page,* 211 N. C., 622.

The other questions presented by the record and debated on the argument with reference to the construction and legal effect of the paper writing upon which liability was sought to be imposed upon the appellant, cannot be determined until all the provisions of the bond are properly before the court.

New trial.