C. P. SELLARS, ADMINISTRATOR OF THE ESTATE OF THE LATE C. P. SELLARS; MRS. VIVIAN SHOBER SELLARS, VIVIAN GREY SELLARS, ANNIE ELIZABETH SELLARS WATKINS, CHARLES P. SELLARS, AND MARIA HUNDLEY SELLARS v. THE FIRST NATIONAL BANK IN HENDERSON, N. C., AND W. J. ALSTON, J. B. HICKS AND E. R. BOYD, TRUSTEES FOR FIRST NATIONAL BANK OF HENDERSON, HENDERSON, N. C.

(Filed 19 October, 1938.)

1. **Limitation of Actions § 10—Assertion of right to retain insurance funds as assignee of policy is not claim against the estate.**

   A party asserting the right as assignee of an insurance policy to retain the proceeds thereof for obligations he contends were secured by the assignment is not barred by C. S., 100, from asserting such right after the lapse of more than six months as against the administrator of the deceased insured in the administrator's action to recover the funds, the defense not constituting a prosecution of a claim against the administrator which had been denied.

2. **Limitation of Actions § 1—**

   The assertion of the right to retain proceeds of a policy of insurance as assignee of the policy, the funds then being in the hands of the person asserting such right, constitutes a defense to an action to recover the funds, and such defense is not barred by the three-year statute.

3. **Trial § 22b—**

   Defendant's evidence, which does not contradict or impeach plaintiff's evidence, but serves only to amplify and explain it, is properly considered on defendant's motion to nonsuit.

**4. Pledges § 3—**

The burden is on the party claiming under the assignor to show that the debts for the payment of which the collateral was pledged have been discharged and the collateral thus released.

**5. Banks and Banking § 9b: Pledges § 1—Pledge of collateral held sufficiently broad to cover secondary liability of pledgor to bank.**

A borrower pledged as collateral for a note a life insurance policy. The note recited that the collateral was security for "this or any other liability or liabilities of mine or ours to said bank, due or to become due, or which may hereafter be contracted." The assignment of the life insurance policy provided that it was to secure "my debts, obligations, endorsements and liabilities to said bank." *Held:* The assignment of the policy was sufficiently broad to include the liability of the borrower as endorser on other notes held by the bank at the time of the assignment, and upon the exhaustion of the remedies against the maker of such other notes leaving a balance due thereon in a sum greater than the proceeds of the insurance policy, the bank is entitled to retain the whole of the proceeds of the policy as against the borrower's administrator.

**6. Banks and Banking § 9b: Pledges § 2—Pledgee may apply collateral pledged to payment of debt secured without instituting action.**

A borrower assigned a life insurance policy as collateral for a note at the bank. Upon the death of the borrower, his administrator demanded the balance of the proceeds of the insurance after payment of the note on which intestate was maker, and the bank contended that the assignment covered other liabilities of the borrower to the bank. The parties agreed that the balance of the insurance fund should be deposited in the bank and held pending the determination of the rights of the parties. Thereafter the receiver of the bank applied the proceeds of the policy to other liabilities of the borrower. *Held:* The agreement did not require the bank to institute suit to determine the rights under the assignment, and in the administrator's action in which it is determined that the bank had the right to so apply the funds, the administrator cannot complain that the bank so applied the funds prior to final determination of the controversy.

APPEAL by plaintiff from *Parker, J.,* at March Term, 1938, of VANCE. Affirmed.

This is a civil action to recover as a special deposit and preferred claim $2,175.68, with interest, the proceeds of a life insurance policy, deposited in the First National Bank of Henderson, 17 September, 1930, by the original administrator of the estate of C. P. Sellars. The First National Bank of Henderson became insolvent and the defendant, the First National Bank in Henderson, was organized and took over the assets and assumed seventy per cent of the deposits of the defunct bank. The individual defendants are trustees for creditors in possession of the assets of said defunct bank not acquired by the new bank.

On 21 May, 1930, C. P. Sellars executed to the old bank his note in the sum of $700.00 in evidence of money borrowed. As collateral security he assigned a life insurance policy in the Pilot Life Insurance Company in the sum of $3,500, then in possession of the bank as

assignee. The note recited that the collateral was security for "this or any other liability or liabilities of mine or ours to said bank, due or to become due, or which may hereafter be contracted." The official assignment of the life insurance policy was dated 5 February, 1926, was duly filed with and accepted by the insurer and recited that the policy was assigned "to secure the payment of my debts, obligations, endorsements and liabilities to said bank, subject to the interest of the Pilot Life Insurance Company on account of a policy loan existing against the policy." At the time of this assignment said Sellars was indebted to the said bank as endorser on the notes of the Mixon Jewelry Company, of which he was president, in the total sum of $4,000. On 1 August, 1930, the old bank paid the insurance company the sum of $160.74 in payment of premium due and added the amount to the principal of the $700.00 note.

After the death of Sellars new officers were elected for the Mixon Jewelry Company and the obligations of said company were consolidated and renewed in the sum of $3,250, the amount then due. The bank retained the old notes on which Sellars was endorser as collateral.

After the death of C. P. Sellars the insurance company issued its check in payment of its liability under the insurance policy payable jointly to R. S. McCoin, administrator, and the old bank, as assignee. The administrator admitted the right of the bank to deduct from the proceeds of said policy the amount due on the $700.00 note, including premium paid, totaling $865.56, but denied the right of the bank to the remainder of said proceeds to be applied to the endorsement liability of the deceased on the notes of the Mixon Jewelry Company. Thereupon, said administrator and the bank entered into an agreement, reciting in substance the foregoing facts and containing in addition the following provisions:

"Upon these foregoing facts it is mutually agreed between the First National Bank of Henderson, N. C., party of the first part, and R. S. McCoin, administrator, party of the second part, that the said check for $3,041.24 is to be cashed, and that said R. S. McCoin, administrator, is to pay out of said check $865.56, which is the full amount of the personal note of said C. P. Sellars and which amount is to be credited on said note and stop interest on same. The said First National Bank refuses to surrender said note, but agrees to hold same subject to future adjustment or an order of the court.

"It is further understood and agreed that the balance of the said check after paying the personal note of $2,175.68, is to be deposited in a special account in the First National Bank to the joint credit of R. S. McCoin, administrator, and the First National Bank, where it is to remain until this matter is mutually adjusted, or until it is disposed of by judgment of the court.

"It is further understood and agreed that neither party to this agreement waives any rights or defenses that it may have by reason of this agreement. That this agreement is made and entered into for the sole purpose of stopping interest on the C. P. Sellars personal note, and hold secure the balance of the money until it can be disposed of by mutual agreement or by an order of the court.

"It is further understood and agreed that this special deposit is to bear 4% interest, provided it remains in said bank for as long as 3 months.

"Witness our hands and seals, this the 17th day of September, 1930."

The Mixon Jewelry Company became insolvent and was liquidated. Its liability as principal on the notes endorsed by the deceased, after crediting the amount received in the liquidation of said corporation, exceeded the amount of said deposit.

The new bank, in compliance with its agreement, paid the defendant trustees seventy per cent of said deposit of $2,175.68 and such payment was credited upon the endorsement liability of the deceased.

The original administrator having departed for parts unknown, C. P. Sellars was appointed administrator of the estate of the deceased and he, as administrator, and the other plaintiffs, the heirs at law of the deceased, instituted this action to recover the amount deposited, alleging that said deposit was a special deposit and constituted a preferred claim; that the defendants had failed to institute an action on its claim against the administrator within six months after such claim was denied and that under the assignment said deposit was not applicable to the payment of any endorsement liability of C. P. Sellars on the notes of the Mixon Jewelry Company.

At the conclusion of all the evidence, on the motion of the defendants, judgment was signed dismissing the action as of involuntary nonsuit. The plaintiffs excepted and appealed.

*J. P. & J. H. Zollicoffer, appellants.*

*A. A. Bunn, Jasper B. Hicks, and J. H. Bridgers for defendants, appellees.*

BARNHILL, J. The defendants are not prosecuting a claim against the administrator which had been denied. They are merely asserting the right to apply the proceeds of collateral in their possession to the satisfaction of obligations for the payment of which said collateral was pledged. Furthermore, the original administrator signed the creditor's agreement, and the agreement entered into by him with the bank at the time said deposit was made expressly recites that neither party waives

any rights or defenses. C. S., 100 has no application and the defendants are not barred by the terms thereof from asserting their right to the proceeds of said deposit. The three-year statute of limitations is equally inapplicable.

The plaintiffs offered in evidence the agreement entered into between the original administrator and the old bank. This agreement recites "that the said bank now holds two other notes made and executed by Mixon Jewelry Company as principal and endorsed by C. P. Sellars as surety. One of these notes for $2,500 due on 16 January, 1930, and the other for $1,500 due on 3 March, 1930. The total amount of the two notes with interest to date, less reduction, is $3,400. These two notes are held as collateral to a new note of Mixon Jewelry Company dated 5 August, 1930, for $3,400." The defendant offered evidence establishing said debt and showing that the total amount of same after the application of all credits was and is in excess of the amount of the deposit. This testimony did not tend to contradict or impeach the evidence of the plaintiff. It only served to amplify and explain the same. It was a proper subject of consideration on the motion to nonsuit. *Hare v. Weil*, 213 N. C., 484. In any event the burden rested upon the plaintiffs to show that the debts for the payment of which the collateral was pledged had been discharged, thus releasing the collateral. This they have failed to do.

We consider the assignment of the policy of insurance sufficiently broad to include the liability of C. P. Sellars, deceased, as endorser on the notes of Mixon Jewelry Company. This being true, the defendants have at all times been entitled to the proceeds of said life insurance policy. The plaintiffs cannot complain that the bank applied said proceeds to the payment of said indebtedness before the controversy was "mutually adjusted, or until it is disposed of by judgment of the court."

All the evidence considered in the light most favorable to the plaintiffs fails to disclose that the plaintiffs, or either of them, have any right to recover any part of said deposit either as a general deposit or as a preferred claim. Nor can the plaintiffs complain that the defendants did not institute an action under the agreement to adjudicate the rights of the parties. If the controversy could not be mutually adjusted the obligation to institute the suit rested upon plaintiffs as much as upon the defendants, and all rights and defenses were reserved.

The judgment below is

Affirmed.