HANES FUNERAL HOME, INC., v. DIXIE FIRE INSURANCE COMPANY.

(Filed 13 December, 1939.)

**1. Larceny § 1—**

In order to constitute larceny it is necessary that the personalty be taken under circumstances amounting to a technical trespass and that there be some asportation, and that both the taking and the carrying away be with felonious intent to steal.

**2. Trial § 22b—**

Upon motion to nonsuit the evidence must be considered in the light most favorable to plaintiff and he is entitled to every reasonable intendment thereon and every reasonable inference therefrom.

**3. Same—**

While ordinarily defendant's evidence should not be considered in passing upon his motion to dismiss as of nonsuit, unless it is favorable to plaintiff, it is properly considered when it is not in conflict with plaintiff's evidence, but is in explanation and clarification thereof.

**4. Insurance § 58—Held: There was total failure of proof of theft of car and nonsuit should have been granted in action on theft policy.**

Plaintiff's evidence tended to show that its car was found wrecked on the highway and that it had been taken by someone other than an employee. Defendant's evidence tended to show that the car was parked in the garage of plaintiff's president, that upon leaving town the president turned over the keys to a Negro employee to be delivered to the office, that the employee gave the keys to the president's nephew who was temporarily staying at the president's home, and that the nephew, upon discovering that his own car was not running satisfactorily, took plaintiff's car in order to meet a personal engagement in another town, and that the wreck occurred on his return trip. *Held:* Defendant's evidence, being in explanation and clarification of plaintiff's evidence, was properly considered upon defendant's motion to nonsuit, and the evidence fails to show any felonious intent in the taking of the car necessary to constitute either common law or statutory larceny under C. S., 4246, and defendant's motion to nonsuit in plaintiff's action on an automobile theft policy covering the car should have been granted.

APPEAL by defendant from *Clement, J.,* at August Term, 1939, of GUILFORD. Reversed.

Civil action on a contract of insurance to recover damages alleged to have been sustained as a result of alleged theft of a motor vehicle.

On about 1 July, 1938, the defendant issued its policy covering the plaintiff's fleet of motor vehicles, including the motor vehicle mentioned and described in the complaint, insuring against theft and any damages caused thereby.

Henry L. Hanes was the president and treasurer of plaintiff corporation. The LaSalle automobile described in the complaint and two others, when not in use, were kept in a garage at his home. On 7 October, 1938, Hanes left the LaSalle in the garage and gave the keys to the car to a Negro employee of the plaintiff to be delivered to the office. He and his wife left for a trip to New York. One L. H. Nelson, who is the nephew of Mrs. Hanes, was staying temporarily in the Hanes' home and was there while Mr. and Mrs. Hanes were on their trip to New York.

On the night of 7 October, 1938, Nelson had planned to go on his own automobile to Siler City to keep an engagement with a girl friend. He discovered that his car was not running satisfactorily. The Negro employee of the plaintiff having theretofore delivered to him the keys to the car, Nelson took the LaSalle from the garage to use on his trip. On his return he was forced off the road and the car was badly damaged and he suffered physical injuries.

It is admitted that the damage to the car was in excess of $1,000, the face amount of the policy in respect to theft. There was a verdict and judgment for the plaintiff and the defendant excepted and appealed.

*Frazier & Frazier for plaintiff, appellee.*
*Brooks, McLendon & Holderness for defendant, appellant.*

BARNHILL, J. That the policy of insurance was issued and was in full force and effect at the time of the damage to plaintiff's car was admitted. The plaintiff offered evidence tending to show that the car was left in the garage at the home of its president; that subsequently it was found on the road between Greensboro and Siler City in a badly damaged condition, and that the damage thereto exceeded $1,000. The plaintiff then rested and the defendant moved to dismiss as of nonsuit, which motion was overruled and the defendant excepted.

The defendant then offered the testimony of L. H. Nelson, nephew of Mrs. Hanes, tending to show that he took the car for use on a trip to Siler City and the circumstances under which he took it. Thereupon, the defendant renewed his motion to dismiss as of nonsuit, which was overruled and the defendant excepted.

Was there error in the refusal of the court to dismiss the action as of nonsuit, on motion of the defendant, at the conclusion of all the evidence?

Theft is the felonious taking and removing of personal property with intent to deprive the rightful owner of it; larceny. Webster's New International Dict. (2d). Larceny is the wrongful and fraudulent taking and carrying away by one person of the personal goods of another with the felonious intent to convert them to his, the taker's, use, and make them his property without the consent of the owner. To consti-

tute larceny the property must be taken and the taking must be under such circumstances as to amount technically to a trespass; there must be some asportation or carrying away of the property; and both the taking and the carrying away must be with felonious intent—an intent to steal—existing at the time. Callahan's Cyc. Law Dict. (2d).

The evidence of the plaintiff tending to show that its automobile, which was left in a garage at the home of its president, was later found in the country between Greensboro and Siler City, standing alone and unexplained, might justify the inference that it was stolen. However, the circumstances of the taking are fully explained by the evidence of the defendant. This evidence is corroborated by testimony offered by the plaintiff that after the wreck Nelson was in a hospital in Greensboro suffering from wounds received. The explanatory evidence offered by the defendant is uncontradicted and unimpeached.

It is well established in this jurisdiction that in considering the motion to dismiss as of nonsuit the evidence must be viewed in the light most favorable to the plaintiff. He is entitled to every reasonable intendment thereon and every reasonable inference therefrom, and the evidence of the defendant, unless favorable to the plaintiff, is not to be taken into consideration, except that when such evidence is not in conflict with the plaintiff's testimony it may be used to explain or make clear that which has been offered by the plaintiff. *S. v. Fulcher,* 184 N. C., 663, 113 S. E., 769; *Harrison v. R. R.,* 194 N. C., 656, 140 S. E., 598; *Hare v. Weil,* 213 N. C., 484, 196 S. E., 869; *Sellars v. Bank,* 214 N. C., 300, 199 S. E., 266.

The testimony offered by the defendant did not tend to contradict or impeach the evidence of the plaintiff. It only served to amplify and explain the same and tended to affirm the inference to be drawn from the plaintiff's evidence that the car had been removed by someone other than an employee of the plaintiff. It is, therefore, a proper subject of consideration on the motion to nonsuit made at the conclusion of all the testimony. When so considered the evidence fails to disclose any unlawful and felonious intent on the part of Nelson in taking and using the car, without which there could be no theft. As to this there is a total failure of proof.

But the plaintiff contends and earnestly insists that the conduct of Nelson constituted a violation of C. S., 4262, commonly referred to as the Temporary Larceny Statute. If we concede that the policy of insurance against theft includes and embraces statutory larceny such as is defined by this section of the Code, it will not avail the plaintiff. To constitute this offense it must likewise appear that the taking was not only secretly and against the will of the owner of the property but that it was also with an unlawful and felonious intent, for a felonious

intent is an essential element of larceny, as defined in this statute, as well as at common law.

There was error in the refusal of the court below to grant the motion of the defendant to dismiss the action as of nonsuit at the conclusion of all the evidence.

Reversed.