A. L. CAULDER v. KIVETT MOTOR SALES, INC., AND R. A. PLUNKETT,
and
JULIA MARGARET CAULDER, BY HER NEXT FRIEND, A. L. CAULDER, v.
KIVETT MOTOR SALES, INC., AND R. A. PLUNKETT.

(Filed 5 June, 1942.)

1. **Automobiles §§ 7, 18a—Evidence of negligent operation of automobile held sufficient for jury.**

   Evidence that the driver of a car was traversing a highway in a thickly settled residential section having intersecting streets and a sign requiring speed to be reduced to 30 miles an hour, that he was driving 60 miles per hour during the daytime and struck a five-year-old child who had been walking along the edge of the pavement, his speed having been reduced to 45 miles an hour at the time of the impact, and there being no other traffic on the highway affecting the accident, *is held* sufficient to be submitted to the jury on the question of the negligent operation of the automobile.

2. **Evidence § 42d: Principal and Agent § 7—**

   Testimony of a declaration of an automobile salesman that at the time of the accident he was driving the corporate defendant's car to demonstrate it to a prospective purchaser, which declaration was not made at the time of the injury or near enough to the transaction to constitute a part of the *res gestæ is held* incompetent and its admission constitutes prejudicial error.

3. **Appeal and Error § 40e—**

   When, upon appeal from the refusal of defendants' motion to nonsuit, a new trial is awarded for error in the admission of some of plaintiffs' evidence, the sufficiency of the other evidence to repel the nonsuit need not be decided, since plaintiffs on another trial may offer other evidence in support of their cause of action.

   BARNHILL, J., dissenting.

APPEAL by defendants from *Gwyn, J.,* at November Term, 1941, of ALAMANCE.

The two cases entitled as above were by consent tried together. Both actions were instituted to recover damages for injuries resulting from the operation of an automobile by the defendants. It was alleged that plaintiff Julia Margaret Caulder, five years of age, was struck by an automobile negligently driven by defendant Plunkett, and that she suffered a substantial personal injury. It was further alleged that defendant Plunkett was agent and employee of defendant Kivett Motor Sales, Inc., and acting at the time within the scope of his employment. A. L. Caulder, father of Julia Margaret Caulder, sued for the recovery of expenses incurred by him in the necessary treatment of his daughter's injuries.

Separate answers were filed by the defendants, each admitting that defendant Plunkett was the driver of the automobile on the occasion

alleged, but denying that he was in any wise negligent and denying that he was at the time acting within the scope of his employment by his co-defendant. It was not denied that defendant Plunkett was an auto-mobile salesman, selling certain automobiles for the defendant Motor Sales, Inc., on commission.

Upon these allegations and the evidence offered in support thereof, separate issues as to each plaintiff were submitted to the jury, and answered in favor of the plaintiffs to the effect that the injuries complained of were caused by the negligence of defendant Plunkett, that he was not an independent contractor, and that he was at the time of the injuries the agent of defendant Motor Sales, Inc., acting within the scope of his employment. Damages were awarded both plaintiffs.

From judgments in accord with the verdicts, defendants appealed.

*Thos. C. Carter and John H. Vernon for plaintiffs, appellees.*

*Long, Long & Barrett and H. J. Rhodes for defendant Kivett Motor Sales, Inc., appellant.*

*C. C. Barnhardt for defendant R. A. Plunkett, appellant.*

### APPEAL OF DEFENDANT PLUNKETT.

DEVIN, J. The principal assignment of error brought forward by this defendant is the denial of his motion for judgment of nonsuit. An examination of the record leads us to the conclusion that the evidence viewed in the light most favorable to the plaintiffs was of sufficient probative force to warrant its submission to the jury.

From this it appears that the plaintiff Julia Margaret Caulder, a child five years of age, while walking along the highway between Burlington and Graham, was struck by an automobile driven by defendant Plunkett, and seriously injured. At this point the paved highway passes through a thickly settled residential section. Intersecting streets cross the highway. A sign indicated that the speed of automobiles was required to be reduced to thirty miles per hour. The time was 10:20 a.m. The highway was straight. There was no other traffic at the moment. The plaintiff Julia Margaret Caulder had been to a filling station on the highway and was returning to her home near-by, walking along the edge of the pavement. Defendant was driving an automobile belonging to his codefendant, going in the same direction as the child, at the rate of sixty miles per hour. At the time she was struck the speed had been reduced to forty-five miles per hour. The horn was not sounded. Only the noise caused by application of brakes was heard immediately before the impact. The plaintiff was struck with such force as to throw her in the air. She fell on the side of the automobile and was carried a short distance and thrown off on the side of the road. The automobile traveled 140 feet after striking the plaintiff before coming to a stop.

While the defendant's evidence tended to show that the injury occurred in a somewhat different manner, and without negligence on the part of the defendant, we think there was some evidence of failure on his part to exercise due care under the circumstances, proximately resulting in injury to the plaintiffs. The defendant's motion for judgment of nonsuit was properly denied. The other exceptions noted by defendant Plunkett are without substantial merit. As to defendant Plunkett, in the trial we find

No error.

### APPEAL OF DEFENDANT KIVETT MOTOR SALES, INC.

This defendant's motion for judgment of nonsuit was based upon additional grounds. It contended that the evidence was insufficient to show that the negligence of defendant Plunkett, driver of the offending automobile, was attributable to the defendant Motor Sales, Inc., upon the principle of *respondeat superior*. It is urged that the evidence did not warrant the finding that the driver was the agent and employee of this defendant, acting at the time within the scope of his employment. And it is further contended that certain evidence offered by plaintiffs for the purpose of showing this material fact was incompetent and prejudicial.

This defendant relies upon its exception to the ruling of the court in admitting in evidence, over objection, the testimony of a witness to the effect that the driver of the automobile stated, a short time after the accident, that at the time of the injury he was taking defendant's automobile to Graham to demonstrate it to a prospective purchaser. This declaration of the driver was not made at the time of the injury or near enough to the transaction to constitute a part of the *res gestæ*. It was the declaration of an agent or employee as to a past transaction offered for the purpose of showing that the employee was acting within the scope of his employment at the time of the injury. This evidence was incompetent and its admission prejudicial, necessitating a new trial. *Pinnix v. Griffin*, 219 N. C., 35, 12 S. E. (2d), 652; *Brown v. Montgomery Ward & Co.*, 217 N. C., 368, 8 S. E. (2d), 199; *Parrish v. Mfg. Co.*, 211 N. C., 7, 188 S. E., 817. *Hubbard v. R. R.*, 203 N. C., 675, 166 S. E., 802. While there was some other evidence tending to show that the driver was acting within the scope of his employment by this defendant, we need not decide the question of its sufficiency to carry the case to the jury, as there must be a new trial, and the plaintiffs on another trial may offer other evidence in support of their allegations. *Midgett v. Nelson*, 212 N. C., 41, 192 S. E., 854; *Morgan v. Benefit Society*, 167 N. C., 262, 83 S. E., 479.

For the reasons stated, we conclude that on the appeal of defendant Motor Sales, Inc., there must be a

New trial.

BARNHILL, J., dissenting: I am unable to concur in the view adopted by the majority. In my opinion the evidence for plaintiffs fails to disclose any actionable negligence on the part of the defendant Plunkett. While there is testimony as to excessive speed, this is in nowise related to the accident as a proximate cause thereof. Nor does the majority opinion attempt to point out wherein the evidence on this aspect of the case is sufficient to repel the motion to nonsuit.

The evidence for plaintiffs tends to show that the infant plaintiff was walking on the shoulder or dirt portion of the road and that Plunkett's car never left the hard surface. "He stayed on the hard surface and stopped on the hard surface." Neither of the two witnesses offered by plaintiffs actually saw the car and the child come in contact but looked the instant it happened. When they saw her "she was on the side of the car hanging to it . . . looked like she was right up on the front fender on the side of the door, the way it looked from where I was at." "He carried her a little bit through the air until she fell." She was knocked to the side and fell in the weeds some distance from the road. Thus, it appears that the witnesses testified that she was "on the side of the car" and not that "she fell on the side of the car."

If she had continued along the shoulder and Plunkett did continue on the hard surface as the plaintiffs' witnesses testified, no contact between her and Plunkett's car could have occurred. What caused the contact or in what manner it was brought about is not disclosed by the evidence for the plaintiffs. Under these circumstances we may not assume negligent conduct on the part of Plunkett proximately causing the injury.

Defendants' evidence does not aid the plaintiffs. On the contrary, it tends to fill in the hiatus in the evidence for the plaintiffs and to explain the unfortunate occurrence as an unavoidable accident in so far as Plunkett is concerned. The other defendant is liable, if at all, only under the doctrine of imputed negligence.

After the front of Plunkett's car had passed the child he felt something bump the side of his car. As he passed she was on the shoulder and he was on the hard surface. This is the testimony of the individual defendant. Another witness who was following on behind Plunkett on still another car actually saw what happened and described the occurrence as follows:

"I heard the cry of tires of a car and just as I did I saw this child dart from the side of the road and as it turned out the child hit Mr. Plunkett's car and was thrown back to the side of the ditch. . . . The first time I saw the child she appeared from the side of the road, not the curb but the shoulder onto the concrete. When she went from the shoulder onto the concrete the car was about one-third of the distance from the right-hand side of the middle of the road. I could not say if any part of the car had passed the child."

The statute, C. S., 567, provides that the ruling upon the motion for nonsuit made at the conclusion of the testimony is to be "upon a consideration of all the evidence." I doubt that we have ever given this provision of the statute the full force and effect intended by the Legislature. Even so, we have held that the testimony for defendants which tends to amplify or explain that offered by the plaintiffs is to be considered upon such a motion. *S. v. Fulcher,* 184 N. C., 663, 113 S. E., 769; *Harrison v. R. R.,* 194 N. C., 656, 140 S. E., 598; *Hare v. Weil,* 213 N. C., 489; *Sellars v. Bank,* 214 N. C., 300, 199 S. E., 266; *Funeral Home v. Ins. Co.,* 216 N. C., 562, 5 S. E. (2d), 820.

In my opinion the motion first made should have been allowed. In any event, applying the rule just stated, the second motion made at the conclusion of all the evidence should have been sustained. The evidence offered by defendants neither contradicts nor impeaches the evidence for plaintiffs. It serves only to explain, if indeed any explanation is required. The evidence offered by plaintiffs fails to show actionable negligence. The evidence offered by defendants in explanation completely exculpates them.

For the reasons stated I vote for a reversal.