ROBERT GIBBS v. WILLIAM RUSS, JR., AND NORTH CAROLINA PULP
COMPANY OF PLYMOUTH, NORTH CAROLINA.

(Filed 22 September, 1943.)

**1. Trial § 22a: Appeal and Error §§ 39a, 39g—**

The burden is on the appellant, not only to show error, but prejudicial error.

**2. Trial § 22b: Appeal and Error § 39d—**

A refusal to admit competent evidence, which, when considered with all the other evidence, fails to make out a case for the jury, is harmless error.

**3. Trial § 22a: Appeal and Error § 40e—**

Where the only evidence to sustain the cause of action alleged by plaintiff is incompetent, but erroneously admitted, and an appeal is taken by defendant from the refusal of judgment of nonsuit thereon, this Court will not overrule the trial court and grant the nonsuit.

**4. Negligence § 19a: Automobiles § 24c: Partnership § 8—**

The mere ownership of an interest in an automobile does not make the owner of such interest liable for injuries caused by the automobile; nor is a partnership liable for an injury done by such vehicle owned by it if the driver, even though a partner, be not acting within the scope of the business and authority of the partnership.

**5. Automobiles §§ 18g, 24c: Partnership § 2—**

In an action to recover damages for personal injuries to plaintiff caused by the alleged negligent operation, by one of defendants, of a truck jointly owned by both defendants, where all of plaintiff's evidence, admitted and rejected, taken in its most favorable light, tends to show that the other defendant had no interest in, and received no benefit from the operation of the truck at the time in question, such evidence is insufficient to establish the relation between the defendants of principal and agent or that of partnership and judgment of nonsuit, as to the defendant not operating the truck at the time of the accident, sustained.

APPEAL by plaintiff from *Johnson, Jr., Special Judge,* at May Term, 1943, of BEAUFORT.

Civil action to recover for personal injury.

Plaintiff in complaint filed alleges: That on 15 June, 1942, defendants owned and operated a Chevrolet auto truck which defendant Russ was driving with the express consent of the corporate defendant, "from Pantego on the strong turn of the road into the Pungo road"; that "on approaching the curve the driver was going at a high, wanton, and reckless rate of speed and negligently failed to slow down his speed and to take the truck under control and attempted to go around the curve at a recklessly high speed and without reasonable and prudent care" by

reason of which as proximate cause the truck, on which plaintiff was riding, turned over and was thrown on plaintiff's leg, breaking same "to the extent and a condition that required amputation" thereby proximately causing damage to plaintiff.

Defendants filed separate answers in which material allegations of the complaint were denied. And in its answer thereto the corporate defendant specifically averred that at the time of the alleged injury to plaintiff it had no right, title or interest in, or control of the Chevrolet truck in question, and that in the operation of it defendant Russ was not performing any act of agency for or in behalf of it.

Upon the trial plaintiff testified that he was riding on the back of the truck which defendant Russ was driving on the highway from Pantego to the Pungo road; that when just out of the corporate limits of Pantego Russ drove the truck around a curve between forty and fifty miles per hour; and that in so doing the truck was turned on plaintiff, and broke his leg so that it was amputated above the knee.

Plaintiff then without objection offered in evidence the adverse examination of defendant Russ taken before the clerk under C. S., 900-901, in pertinent part as follows: "My name is William Russ, Jr. . . . the truck was mine and my daddy's. I don't exactly know whether I owned the truck at that time. The truck is now owned by my dad and me. I had possession of the truck at the time. My dad and I borrowed $900.00 from the North Carolina Pulp Company to buy this truck. The deed or certificate of title was made in my name. The Pulp Company held the title until I paid for the truck . . . by paying $1.00 for each unit of the wood I hauled to the North Carolina Pulp Company. I had not paid for the truck at the time of the accident. I was not permitted to use the truck without permission of the Pulp Company. I was to haul only pulpwood, nothing without their permission. At the time of the accident I was hauling potatoes and had permission from the Pulp Company to do so. We were short of men and I wanted to haul a few loads of potatoes for Ben Aycock. I picked up the three men who were on the truck; had hauled one load and started after another when the truck turned over. Permission was granted to do this by my dad asking Mr. Earl if it would be all right. I did not hear my father make this request. He told me he had done so." The witness Earl called by plaintiff testified that he was manager of the wood and land department of the North Carolina Pulp Company.

Then for the express purpose of showing that defendants Russ and the Pulp Company jointly owned the truck plaintiff offered to introduce in evidence (1) the remainder of the examination of Russ in which he had testified that the Pulp Company without his knowledge took out a policy of insurance on the truck, for his protection, which he later

approved, and on which he paid the premium, and (2) the terms of the policy in which, among others, these items appear: "(1) Name of insured—North Carolina Pulp Company and Will Russ . . . insured, (x) individual . . . (x) corporation . . . Business or occupation of the named insured: Paper Mfrs. Employer." Objection thereto was sustained and plaintiff excepted. In deference to the ruling of the court in sustaining the objection as just stated "and upon intimation of the court that plaintiff could not recover," as stated in the judgment, plaintiff submitted to a nonsuit as to the defendant Pulp Company and appealed to the Supreme Court and assigns error.

Mistrial and continuance were ordered as to the case against defendant Russ.

*H. S. Ward for plaintiff, appellant.*
*Norman & Rodman for defendant Pulp Company, appellee.*

WINBORNE, J.   The question involved on this appeal is worded in the brief of the counsel for plaintiff in this manner: "Another nonsuit, of course; this time voluntary, but enforced by exclusion of essential testimony, to wit, that part of the evidence of defendant Russ contained in his examination by plaintiff before the clerk, which appears from the middle of page 2 to bottom of page 4 of the record; also the insurance policy."

It is contended that for the purpose of showing that the truck in question was owned jointly by defendants Russ and the Pulp Company this testimony and the policy were competent as evidence in the case. Even so, conceding that the purpose for which the testimony and policy were offered by plaintiff comes within the principle announced and applied in *Davis v. Shipbuilding Co.,* 180 N. C., 74, 104 S. E., 82, in *Rivenbark v. Oil Corp.,* 217 N. C., 592, 8 S. E. (2d), 919, and in *Isley v. Winfrey,* 221 N. C., 33, 18 S. E. (2d), 702, and referred to and discussed in *Herndon v. Massey,* 217 N. C., 610, 8 S. E. (2d), 914, we are of opinion that the error is harmless in that when the excluded evidence is considered with all other evidence admitted at the trial, plaintiff fails to make out a case for the jury.   The burden is on the plaintiff as appellant, not only to show error but prejudicial error, *Wilson v. Lumber Co.,* 186 N. C., 56, 118 S. E., 797; *Collins v. Lamb,* 215 N. C., 719, 2 S. E. (2d), 863; *Tolley v. Creamery, Inc.,* 217 N. C., 255, 7 S. E. (2d), 502.

Moreover, the present case is distinguishable from those cases in which a new trial is ordered as in *Morgan v. Benefit Society,* 167 N. C., 262, 83 S. E., 479; *Midgett v. Nelson,* 212 N. C., 41, 192 S. E., 854; *Ledwell v. Milling Co.,* 215 N. C., 371, 1 S. E. (2d), 841; *Brown v. Montgomery Ward & Co.,* 217 N. C., 368, 8 S. E. (2d), 199; *Caulder v.*

*Motor Sales, Inc.,* 221 N. C., 437, 20 S. E. (2d), 338; *Webster v. Charlotte,* 222 N. C., 321, 22 S. E. (2d), 900, and the line of cases holding that where the only evidence to sustain the cause of action alleged by plaintiff is incompetent, but erroneously admitted, and an appeal is taken by the defendant for the refusal of judgment of nonsuit thereon, this Court will not overrule the trial court and grant the nonsuit. The reason assigned for such holding is that if the evidence had been ruled out, as it should have been, the plaintiff may have substituted other competent evidence in its place to support his cause of action.

In the case in hand, however, the evidence was rejected and the plaintiff then had the opportunity to mend his fences and offer other evidence if available. And in such event, the burden is on the plaintiff to offer such other evidence which will, with the rejected competent evidence, make out a case for the jury.

Applying these principles to the case in hand, the evidence admitted, together with the evidence rejected, taken in the light most favorable to plaintiff, shows, and all that it tends to show is that the truck jointly owned by defendants Russ and Pulp Company for the purpose of hauling pulpwood was at the time in question being operated by Russ with consent of the Pulp Company in hauling Irish potatoes for one Ben Aycock, a third person. There is no evidence that the Pulp Company had any interest in the hauling of the Irish potatoes or that it was receiving any benefit from it or that the truck was being operated in its behalf. Thus with respect to the operation of the truck in hauling Irish potatoes, the evidence is insufficient to establish between the Pulp Company and defendant Russ the relationship of principal and agent or that of partnership.

However, plaintiff does not contend that the mere ownership by the Pulp Company of an interest in the truck would make it liable for personal injuries caused by the truck, *Parrott v. Kantor,* 216 N. C., 584, 6 S. E. (2d), 40; nor does the plaintiff contend that a partnership would be liable for an injury done by a truck owned by it if the driver, even though a partner, be not acting within the scope of the business and authority of the partnership. 40 Am. Jur. Partnership, sections 136, 137. But the plaintiff contends that a relation of partnership existed between the defendant Russ and Pulp Company with respect to the operation of the truck for hauling pulpwood and that upon that being shown, and upon evidence of the consent of the Pulp Company for Russ to operate the truck in hauling Irish potatoes for Ben Aycock being also shown, the law will imply that the partnership was enlarged to cover such operation. *Non sequitur.*

Hence, the judgment below is

Affirmed.